## UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

Virgen Diaz-Rios,

    Plaintiff,

v.								Case No:

Walt Disney Parks and Resorts, U.S., Inc.,			JURY TRIAL DEMANDED

    Defendant.

## COMPLAINT

Plaintiff, Virgen Diaz-Rios (hereinafter "Rios") hereby sues Defendant, Walt Disney Parks and Resorts, U.S., Inc. (hereinafter "Disney"), and in support thereof, states as follows:

### Jurisdiction, Parties and Venue

1. This is an action for unlawful employment practices including race, national origin and age discrimination by Disney in violation of the Florida Civil Rights Act of 1992, Florida Statutes Section 760.01, *et seq.* ("FCRA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 to 29 U.S.C. § 634 ("ADEA").

2. Rios seeks damages including lost pay and benefits; compensatory and punitive damages; attorneys' fees, costs and expenses; and any relief this Court deems just and proper.

3. Rios is a resident of Polk County, Florida and worked for Disney at its Walt Disney World Dolphin resort located in Orange County, Florida at 1500 Epcot Resorts Boulevard, Lake Buena Vista, Florida 32830.

4. Rios is a Hispanic female of Puerto Rican ethnicity.

5. At all relevant times, Rios was over 40 years old; she was 56 years old when fired.

6. At all times relevant to this action and up to termination, Disney employed Rios.

7. Rios is an aggrieved person within the meaning of Title VII and the FCRA.

8. Disney is a for profit corporation authorized to do business in the state of Florida with its principal place of business in Orange County at 1375 Buena Vista Drive, 4th Floor North, Lake Buena Vista, Florida 32830.

9. At all relevant times, Disney was a covered employer subject to comply with the statutes cited herein, and Rios was a covered employee entitled to said law's protections.

10. Disney engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

11. Venue is proper in the Middle District of Florida under 42 U.S.C. § 20003-5(f)(3) and 28 U.S.C. § 1391(b) because a substantial portion of the acts or omissions giving rise to this action occurred in the Middle District of Florida and because Disney maintains its principal place of business in this District.

12. This Court has original jurisdiction over this action based on a federal question pursuant to 28 U.S.C. Section 1331, and supplemental jurisdiction over the related state claims under 28 U.S.C. Section 1337.

13. Rios has met all conditions precedent and exhausted all administrative remedies prior to filing suit, including:

   a. Timely filing a *Charge of Discrimination* with the Equal Employment Opportunity Commission ("EEOC"); and

   b. Receiving a Notice of Right to Sue from the EEOC within 90 days of filing this action.

## **FACTS**

14. Disney discriminated against Rios because of her national origin, race, and age when it wrongfully terminated her for an incident described below which was deemed to be a fatal employment infraction despite the fact that at least three of her Caucasian colleagues had not received anything more than a letter to their file from Disney for similar incidents in the past.

15. The details of the incident render Rios virtually unemployable in the industry because it will at least facially appear that Rios was terminated by Disney for using a racial slur, when upon deeper investigation (that future employers will likely not get to) one would see that Rios was in fact disapproving of the use of the very term she was terminated for using.

16. Rios started her employment with Disney in 1994.

17. Through twenty-eight (28) years of hard work she rose through the ranks from her original position as an hourly cast character to the front office manager position that she attained at the time she was wrongfully terminated by Disney.

18. During her employment, Rios was an excellent employee with no infractions, nor letters to her file prior to the incident that caused her termination described herein.

19. It is visibly apparent that Rios is non-white and older than 40 years old.

20. Rios speaks with a Hispanic accent (to a degree).

21. Although she is fluent in English, the language Rios understands and speaks best is Spanish.

22. Disney has a culture that favors white or Caucasian employees, as well as employees that are younger than forty (40) years old.

23. Unfortunately, Disney has not lived up to its self-touted reputation for inclusion and equal treatment for all.

24. Disney terminated Rios on or about May 6, 2022.

25. The same incident that Rios was terminated for – using terms and language that disparage others based upon immutable characteristics – was committed by at least three of Rios' Caucasian colleagues over the years, all of whom received nothing more than a slap on the wrist.

26. The incident that occurred was Rios recounting to a colleague of hers at work how her son called her the "n word" (used to refer to African Americans in a derogatory manner).

27. Rios' son was using the word in an attempt to use street slang, but Rios admonished him for using it and was recounting the parenting incident to a friend at work.

28. Rios' co-worker overheard the conversation and complained of it to Disney.

29. Disney subsequently launched a limited, pretextual and self-serving investigation before ultimately determining that Rios would be fired for the use of the derogatory term, despite the context in which it was used in and her otherwise squeaky clean record for 28 years.

30. In prior incidents involving white employees, Disney was not nearly as harsh.

31. In one incident, two Caucasian employees were making fun of a handicapped employee on several occasions and were only punished with a letter to their respective files.

32. In another incident, another Caucasian employee called her actual supervisor a "Puerto Rican b*tch" in front of other employees, and yet said offending employee simply received a reprimand for the occasion.

33. With Rios, Disney failed to follow a reasonable or good faith investigation process to reach a reasoned conclusion, and failed to seek any independently verifiable evidence to support or refute the strained interpretation of the incident which purportedly formed the basis of Rios' termination; Disney did so to concoct a reason to terminate an elder Hispanic employee.

34. Upon information and belief, Disney customarily gives warnings, letters to file, or some consequence less than termination to its employees younger than forty (40) years of age who are involved in incidents similar to the one involving Rios described herein.

35. There is nothing in Disney's policies, guidelines or trainings that prevent colleagues from conversing in a meaningful fashion and invoking a term that, albeit controversial, is neutralized by the fact that such term was being referred to unfavorably by Rios.

36. Disney never disciplined any young (under 40 years old) or non-Hispanic employee for similar conduct, let alone terminated them, like it did to Rios.

## COUNT I
## Discrimination in Violation of the FCRA

37. Rios incorporates Paragraphs 1 through 36 above as if fully set forth herein.

38. The FCRA forbids Disney from discriminating on the basis of an employee's national origin, race, or age.

39. Rios is a member of a protected class in that she is Hispanic.

40. Rios is a member of a protected class in that she was 56 when she was fired.

41. Disney purposefully and intentionally terminated Rios because of her national origin, race, and/or her age.

42. Disney acted intentionally, purposefully, willfully, maliciously and/or with reckless indifference to Rios' protected rights by unfairly disciplining her, harassing her, terminating her and adversely affecting her employment benefits based on her national origin, race, and/or age.

43. As a result of Disney's, Rios suffered lost wages and benefits, emotional distress, humiliation, shame, loss of self-esteem and dignity, mortification, disgrace, embarrassment, loss of enjoyment of life, and mental anguish. Rios will continue to suffer said damages in the future.

44. Rios has had to retain counsel and incur attorneys' fees and costs connected with this action.

45. Riosis entitled to recover her attorneys' fees, costs and other litigation expenses from Disney as a prevailing party pursuant to the FCRA.

**WHEREFORE**, Rios respectfully requests that this Court:

A. Enter a judgment in favor of Rios and against Disney declaring that Disney unlawfully discriminated against Rios in violation of the FCRA;

B. Issue a mandatory injunction requiring Disney to plan, develop, and implement a plan designed to ensure Disney's employees are not subjected to discrimination;

C. Award Rios front pay;

D. Award Rios all lost pay and benefits;

E. Award Rios additional monies for tax liability that does result if damages awarded to Rios pushes her into a higher tax bracket;

F. Award Rios such other nominal, general, compensatory and other damages available under the FCRA;

G. Award damages for harmed reputation and emotional and mental suffering;

H. Award reinstatement;

I. Award Rios punitive damages;

J. Award Rios pre-judgment and post-judgment interest;

K. Award Rios her costs, expenses and attorneys' fees pursuant to the FCRA;

L. Retain continuing jurisdiction in order to ensure compliance with the terms of the mandatory injunction requested herein; and

M. Grant such additional relief as this Court deems just and proper.

## COUNT II
## Discrimination in Violation of Title VII

46. Rios incorporates Paragraphs 1 through 36 as if fully set forth herein.

47. Title VII prohibits Disney from discriminating against an employee on the basis of national origin and race.

48. Rios is a member of a protected class. She is Hispanic with Puerto Rican ethnicity.

49. Rios was qualified for the position she held with Disney.

50. Disney purposefully terminated Rios because of her national origin and race.

51. Disney acted intentionally, purposefully, willfully, maliciously and/or with reckless indifference to Rios' protected rights by unfairly disciplining her, harassing her, terminating her and adversely affecting her employment benefits based on national origin and race in violation of Title VII.

52. As a result of Disney's actions, Rios suffered lost wages and benefits, emotional distress, humiliation, shame, loss of self-esteem and dignity, mortification, disgrace, embarrassment, loss of enjoyment of life, and mental anguish.

53. Rios will continue to suffer said damages in the future.

54. Rios has had to retain counsel and incur attorneys' fees and costs connected with this action.

55. Rios is entitled to recover her attorneys' fees, costs and other litigation expenses from Disney as a prevailing party pursuant to Title VII.

**WHEREFORE**, Rios respectfully requests that this Court:

A. Enter a judgment in favor of Rios declaring that Disney unlawfully discriminated against Rios in violation of Title VII;

B. Issue a mandatory injunction requiring Disney to plan, develop, and implement a plan designed to ensure Disney's employees are not subjected to discrimination;

C. Award Rios front pay;

D. Award Rios all lost pay and benefits;

E. Award Rios additional monies for tax liability that does result if damages awarded to Rios pushes her into a higher tax bracket;

F. Award Rios such other nominal, general, compensatory and other damages available under Title VII;

G. Award damages for harmed reputation and emotional and mental suffering;

H. Award reinstatement;

I. Award Rios punitive damages;

J. Award Rios pre-judgment and post-judgment interest;

K. Award Rios her costs, expenses and attorneys' fees pursuant to Title VII;

L. Retain continuing jurisdiction in order to ensure compliance with the terms of the mandatory injunction requested herein; and

M. Grant such additional relief as this Court deems just and proper.

## COUNT III
## Age Discrimination under the ADEA

56. Rios incorporates Paragraphs 1 through 36 as if fully set forth herein.

57. The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. SS 621 to 29 U.S.C, Section 643, forbids employment discrimination against anyone at least 40 years of age in the United States.

58. Disney's actions detailed above are in violation of the ADEA in that Disney unlawfully discriminated against Rios because of Rios' age that was known to Disney per Plaintiff s appearance and self-disclosure.

59. Disney's actions detailed above are in violation of the ADEA as younger Disney employees are routinely given less severe disciplinary action for equal or greater infractions (as compared to the purported infraction committed by Rios is telling the story to her colleague).

60. As a direct and proximate result of Disney's actions, Rios suffered damages including damage to her reputation, shame, humiliation, mental suffering, emotional distress, loss of employment and business opportunities, and other harms, all of which are ongoing and will continue in the future.

## PRAYER FOR RELIEF

WHEREFORE, Rios prays that this Court award: back and front pay; compensatory damages, including damages for harmed reputation and emotional and mental suffering; pre and post judgment interest; reinstatement; punitive damages; reasonable costs and attorneys' fees; and all relief this Court deems just.

## **DEMAND FOR JURY TRIAL**

Rios demands a trial by jury on all issues so triable.

Dated: November 29, 2022.      Respectfully submitted,

*/s/ Ahmad S. El-Gendi*
Ahmad S. El-Gendi, Lead Trial Counsel
Florida Bar No. 119139
**JUNDI**, ATTORNEY AT LAW
1317 EDGEWATER DRIVE, #3550
Orlando, Florida 32804
Telephone: (407) 777-0877
Guidance@jundilegal.com