# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

VIRGEN DIAZ-RIOS,

        Plaintiff,

v.                                                                          Case No:   6:22-cv-2211-RBD-LHP

WALT DISNEY PARKS AND
RESORTS U.S., INC.,

        Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S UNOPPOSED (IN PART) MOTION TO COMPEL DISCOVERY RESPONSES (Doc. No. 23)
>
> **FILED:** October 31, 2023
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Defendant moves for an order compelling Plaintiff to answer in full Defendant's First Set of Interrogatories and First Requests for Production of Documents ("RFPs"), and for Plaintiff to provide her Initial Disclosures.  Doc. No.

23.  Defendant requests these responses within fourteen (14) days of the date any order issues, and also seeks an award of its fees and costs pursuant to Fed. R. Civ. P. 37(a)(5) and (d)(3).  According to the motion, Defendant served its Interrogatories and RFPs on Plaintiff on May 22, 2023, but as of date, Plaintiff has not responded.  *Id.*, at 1–2; *see also* Doc. No. 23-1.  Defendant further represents that Plaintiff has not provided her Initial Disclosures, which were due on June 23, 2023.  *Id.*, at 2.  Defendant has made multiple attempts to communicate with Plaintiff's counsel via email, including granting several extensions of time, all to no avail.  *Id.*, at 1–2; *see also* Doc. No. 23-2.  And on numerous occasions, Plaintiff's counsel simply did not respond to Defendant's counsel's emails.  *See* Doc. No. 23-2.  Pursuant to the Local Rule 3.01(g) certification, Plaintiff's counsel does not object to the entry of an order compelling discovery but does object to any monetary sanction.  Doc. No. 23, at 3–4.

Plaintiff has filed a response in opposition, in which her counsel candidly admits that Defendant is owed the outstanding discovery, that Plaintiff's counsel "has faced a stark learning curve" in opening his own solo practice, and that counsel has taken on more of a caseload than he can handle.  Doc. No. 25.  Plaintiff's counsel appears to take full responsibility for the failure to participate in discovery in this case, apologizes to the Court, and "warrants he is doing his best to not let it recur."  *Id.*, at 1–2.  Plaintiff further represents that as of this date, Initial

Disclosures have now been served, Plaintiff "continues to finalize her discovery requests," and that those discovery responses will be produced within the time requested by Defendant. *Id.*, at 2. Plaintiff further states that she does not oppose granting Defendant's motion to compel, but opposes any monetary sanction. *Id.*

Upon consideration of the motion and response, the Court will grant the motion has unopposed with respect to ordering Plaintiff to produce all discovery in full. *See Bercini v. City of Orlando*, Case No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel). And while the Court is authorized to award fees and costs for a party's failure to respond to discovery, *see* Fed. R. Civ. P. 37(a)(5), (d)(3), the Court finds, given Plaintiff's counsel's candor and assurances that he will litigate this case in a timely and professional manner going forward, that an award of fees and costs in this one instance would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(iii). However, the Court is greatly troubled by Plaintiff's counsel's failure to even respond to email correspondence, and advises counsel in the strongest terms possible, that such behavior will not be excused going forward. Plaintiff initiated this litigation, and Plaintiff is expected to participate and respond to discovery requests and all other case-related filings in a timely manner, and without any further waste of attorney and judicial resources.

Accordingly, Defendant's motion (Doc. 23) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. On or before **November 21, 2023,** Plaintiff shall serve on Defendant complete, sworn answers to Defendant's First Set of Interrogatories. *See* Doc. No. 23-1, at 21-51.

2. On or before **November 21, 2023**, Plaintiff shall produce all documents in her current possession, custody, or control responsive to Defendant's First Requests for Production. *See* Doc. No. 23-1, at 1–20.

3. All objections to the discovery at issue have been waived by the failure to address same in response to the motion to compel, and by the failure to timely respond to the discovery. *See, e.g.*, *Jackson v. Geometrica, Inc.*, Case No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same). *See also Foster v. Coca-Cola Co.*, Case No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *2 (M.D. Fla. June 2, 2015) ("As a general rule, in the absence of an extension of time for good cause, the failure of a party to object timely to interrogatories, production requests, or other discovery efforts constitutes a waiver of any objections the responding party may have.").

4. Defendant's request for fees and costs is **DENIED.**

5. **Given the length of time that this discovery has remained outstanding, these deadlines will not be extended absent a showing of exigent circumstances supported by evidence. Plaintiff's counsel is advised that failure to comply with this Order may result in sanctions, which may be against Plaintiff, Plaintiff's counsel, or both.** See **Fed. R. Civ. P. 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on November 7, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties